# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>HECTOR VASQUEZ GUTIERREZ,<br><br>    Defendant. | No. 10-CR-73-LRR<br><br>**ORDER** |

_____

## *I. INTRODUCTION*

The matter before the court is Defendant Hector Vasquez Gutierrez's "Motion to Dismiss Based Upon Collateral Attack to Deportation Order" ("Motion") (docket no. 18).

## *II. RELEVANT PROCEDURAL HISTORY*

On August 4, 2010, a grand jury returned a one-count Indictment (docket no. 2) against Defendant. Count 1 charges Defendant with Illegal Reentry After an Aggravated Felony Conviction, in violation of 8 U.S.C. § 1326(a) & (b)(2). On September 20, 2010, Defendant filed the Motion. On September 30, 2010, the government filed a Resistance (docket no. 22). On October 11, 2010, the government filed a supplemental brief (docket no. 24). On October 19, 2010, the government filed a second supplemental brief (docket no. 30).

## *III. RELEVANT LAW*

The Indictment charges a violation of 8 U.S.C. § 1326, which provides that an alien is guilty of an offense if he:

> (1)    has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter

> (2) enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously denied admission and removed, unless such alien shall establish that he was not required to obtain such advance consent under this chapter or any prior Act[.]

8 U.S.C. § 1326(a).

The statue also provides a procedure for challenging a prosecution under § 1326 based upon the validity of the underlying deportation order:

> In a criminal proceeding under this section, an alien may not challenge the validity of the deportation order described in subsection (a)(1) of this section or subsection (b) of this section unless the alien demonstrates that—
>
> (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;
>
> (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and
>
> (3) the entry of the order was fundamentally unfair.

8 U.S.C. § 1326(d).

"[T]he alien, not the government, bears the burden of proof in a collateral attack upon a prior deportation." *United States v. Martinez-Amaya*, 67 F.3d 678, 681-82 (8th Cir. 1995). Defendant attempts to collaterally attack his prior order of removal by arguing that the offense of conviction was improperly classified as an aggravated felony. "Any alien who is convicted of an aggravated felony at any time after admission is deportable." 8 U.S.C. § 1227(a)(2)(A)(iii). The term "aggravated felony" means, among other

2

examples, "a crime of violence . . . for which the term of imprisonment [is] at least one year[.]" 8 U.S.C. § 1101(a)(43)(F). A crime of violence is defined as:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16.

### IV. ANALYSIS[1]

Defendant has not shown that the "entry of the [removal] order was fundamentally unfair." 8 U.S.C. § 1326(d)(3). The crime Defendant was convicted of, assault with intent to commit sexual abuse, in violation of Iowa Code § 709.11, is an aggravated felony in that it is a crime of violence and he was sentenced to a term of incarceration of at least one year.

The Eighth Circuit Court of Appeals has held that a violation of Iowa Code § 709.11, is a crime of violence. *See United States v. Quiroga*, 554 F.3d 1150, 1157-58 (8th Cir. 2009). *Quiroga* analyzed whether Iowa Code § 709.11 constitutes a crime of violence for purposes of the career offender advisory sentencing guideline, USSG §4B1.2. Section 16's definition of crime of violence and the definition found in the career offender provision are not identical. However, "the definitions are substantially similar." *United*

---

[1] The court addresses the Motion as a collateral attack on Defendant's prior order of removal. In its Resistance, the government interpreted the Motion as arguing against a sentencing enhancement. In its supplemental brief, the government addressed the issue of the prior removal order's validity. The court will not address the Motion to the extent that it argues against a sentencing enhancement. That issue may be raised at Defendant's sentencing hearing in the event he is convicted.

*States v. Kirk*, 111 F.3d 390, 394 (5th Cir. 1997). Therefore, the analysis employed in a case interpreting §4B1.2 is "persuasive authority" for § 16 cases and vice versa. *Id*.

In addition to qualifying as a "crime of violence," the crime in question must also carry a prison term of at least one year. In this case, Defendant was sentenced to a two-year term of imprisonment. Gov. Ex. 1 (docket no. 24-1). He was given credit for time served and the state court ordered the remainder of the sentence suspended. *Id*. "'[A]ny reference to a term of imprisonment . . . is deemed to include the period of incarceration or confinement ordered by a court of law *regardless of any suspension of the imposition or execution of that imprisonment.*'" *United States v. Demirbas*, 331 F.3d 582, 584 (8th Cir. 2003) (quoting *United States v. Tejeda-Perez*, 199 F.3d 981, 982 (8th Cir. 1999)) (emphasis in *Demirbas*). Because Defendant's conviction under Iowa Code § 709.11 constitutes a crime of violence and was punished by a term of incarceration of at least one year, it qualifies as an aggravated felony. Accordingly, the entry of the removal order was not fundamentally unfair.

In addition to the above, the government has provided the court with copies of documents from Defendant's prior removal proceedings. *See* Gov Exs. 1-4 (docket no. 30-1-4). These documents indicate that defendant was aware of his right to seek judicial review of his removal order. He chose not to.

Because the court finds that the prior order of removal was not fundamentally unfair, it need not thoroughly address whether Defendant exhausted his administrative remedies or whether Defendant's deportation proceedings were subject to judicial review. 8 U.S.C. § 1326(d) (stating that an alien may not challenge a removal order unless he or she meets all three statutory requirements). In any event, the court finds that Defendant has not met his burden as to any of the three statutory requirements.

## V. CONCLUSION

For the foregoing reasons, the Motion (docket no. 18) is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 19th day of October, 2010.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA